IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| E. AARON ENTERPRISES, INC. | : | CIVIL ACTION |
| | : | NO. 10-1087 |
| v. | : | |
| | : | |
| CAROLINA CLASSIFIED.COM LLC d/b/a | : | |
| CAROLINA MONEYSAVER, | : | |
| | : | |
| and | : | |
| | : | |
| BLUE MARLIN PRINTING, INC. | : | |

O'NEILL, J.                                                                 JULY 27, 2010

## MEMORANDUM

On June 10, 2010, I granted judgment in favor of plaintiff E. Aaron Enterprises and against defendant Carolina Classified.com LLC. As part of that judgment, Aaron was entitled to collect reasonable attorney's fees. I ordered Aaron to submit an affidavit setting forth its reasonable attorney's fees. Its counsel, LaRocca, Hornik, Rosen, Greenberg and Blaha LLP, did so on June 21, 2010. On July 1, 2010, Carolina submitted four objections to the request for attorney's fees. Presently before me are LaRocca Hornik's affidavit in support of the request for attorney's fees, Carolina's objections and LaRocca Hornik's letter brief in further support of the request. For the following reasons, I will sustain in part and overrule in part Carolina's objections.

## BACKGROUND

Aaron was represented in this matter by three attorneys and one paralegal from the New York office of LaRocca Hornik. LaRocca Hornik's New York office has two partners and five associates and has represented Aaron for seven years. The partner supervising this matter, Lawrence S. Rosen, is a founding partner of the firm and has twenty-two years of litigation

experience. He asserts that his usual and customary hourly billing rate is $435. Rosen was assisted in this case by two associates: Patrick McPartland and Barbara Schwartz.[1] According to Rosen's affidavit, McPartland's usual and customary hourly billing rate is $395 and Schwartz's is $375. The trio of attorneys was joined by paralegal Katy Areas who has twelve years of experience. Her hourly billing rate is $195.

Additionally, Aaron retained as local counsel attorneys George J. Murphy and Stephen J. Finley from the law firm of Gibbons P.C. The usual and customary hourly rates for Murphy and Finley are $350 and $274 respectively.

DISCUSSION

Aaron requests attorney's fees and costs in the amount of $52,149.76. Carolina objects to this figure in four respects. First, it argues that the hourly rates requested by Aaron are excessive. Second, it argues that the "block billing" format utilized by LaRocca Hornik is "no longer the industry standard in the Philadelphia [m]arketplace." Third, it argues that the fee petition includes several duplicative requests. Finally, it argues that the attorney's fees incurred by Aaron in prosecuting its case against Blue Marlin are unrelated to Carolina and therefore unrecoverable herein.

I. Reasonable Hourly Rates

Carolina first argues that the hourly rates requested by Aaron's attorneys are excessive. A party seeking attorney's fees bears the burden of establishing that "its requested hourly rates . . . are reasonable." See Interfaith Cmty. Org. v. Honeywell Intern., Inc., 426 F.3d 694, 703 n.5 (3d

---

[1] Rosen's affidavit does not indicate the areas of expertise or the levels of experience of any of the attorneys who worked on this matter.

Cir. 2005). According to the Court of Appeals, a reasonable hourly rate is calculated based upon "the prevailing market rates in the community." See Smith v. Philadelphia Housing Auth., 107 F.3d 223, 225 (3d Cir. 1997) (internal citations omitted).

    A.    Forum Rate Rule

The first question, then, is whether the relevant "community" is New York, where LaRocca Hornik is located, or the Eastern District of Pennsylvania, where the lawsuit was filed. Except in two limited circumstances, Courts in this Circuit apply the "forum rate rule" which provides that the relevant "community" for these purposes is the Eastern District of Pennsylvania. See Honeywell, 426 F.3d at 704-05; see also Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly, 195 Fed. App'x. 93, 96 n.1 (3d Cir. 2006) ("The parties agree that the 'relevant community' in this case is the State of New Jersey. This comports with our ordinary reliance on the 'forum rate rule,' which allows an attorney to claim the prevailing rate for his services in the district in which the litigation was lodged.") (internal quotations omitted). Aaron argues that one such exception, available where a party has demonstrated a need for the special expertise of counsel from a distant district, see Honeywell, 426 F.3d at 705-06, applies here. Specifically, it argues that Aaron needed LaRocca Hornik's services because if Aaron had hired another law firm that law firm would have "been required to engage in duplicative legal work to become familiar with the facts underlying this action." See Rep. at 2. I disagree. This case presented a relatively straightforward lawsuit to recover on an open book account. As Aaron concedes, there is no question that firms in this district are competent to handle such matters. See id. The mere fact that Aaron had a longstanding relationship with LaRocca Hornik is insufficient to implicate the "special expertise" exception to the forum rate rule. Therefore, I find that the forum rate rule

3

applies here and the relevant "community" is the Eastern District of Pennsylvania.

B.   Prevailing Market Rate in this District

I must next determine what the prevailing market rates are in this District. This is a question of fact which must be decided based on evidence in the record. See Washington v. Philadelphia County Court of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996). The Court of Appeals has held that a District Court "may not set attorney's fees based on a generalized sense of what is usual and proper but must rely on the record." See Evans v. Port Auth. of New York and New Jersey, 273 F.3d 346, 361 (3d Cir. 2001). Instead, in determining the prevailing market rate I must "assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Honeywell, 426 F.3d at 708. "[T]he burden is on the fee applicant to produce satisfactory evidence in addition to the attorney's own affidavits that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984).

I find that the present fee petition and the supporting affidavit do not contain evidence sufficient to allow me to determine the prevailing market rate in this District. The only factual assertions in Rosen's affidavit are the usual and customary hourly rates of each of the attorneys that worked on the case. Although the prevailing market rate is ordinarily reflected in a law firm's normal billing rate, see Gulf Stream III Assocs., Inc. v. Gulfstream Aerospace Corp., 995 F.2d 414, 422 (3d Cir. 1993), LaRocca Hornik is a New York law firm and therefore its normal billing rates do not reflect the prevailing market rate in this District.

C.   Conclusion

I will therefore order Aaron to submit evidence of the skill, experience and reputation of the attorneys who seek fees as well as evidence of the prevailing market rate in this District.[2]

II.   Block Billing

Carolina next argues that the block billing format utilized by LaRocca Hornik is "no longer the industry standard in the Philadelphia [m]arketplace [and] is generally frowned upon by Court's [sic] in this Circuit."[3]  "A plaintiff requesting attorney's fees must provide evidence supporting the time claimed."  Pub. Interest Research Grp., 51 F.3d at 1188.  I find that the fee petition in this case contains: (1) a statement of the number of hours expended by each attorney or paralegal; (2) an itemized account of the work performed; and (3) the billing rate pertaining to each task.  From this, I am able to determine "if the hours claimed are unreasonable for the work performed."  See Rode v. Dellarciprete, 892 F.2d 1177, 1190 (3d Cir. 1990).  No more is necessary.  I will thus overrule Carolina's objection in this respect.

---

[2]   I note that my colleague, Judge Tucker, has recognized that

> the prevailing market rate can be established from several sources, including: (1) affidavits of counsel with similar experience as to what they would charge for a similar case; (2) bar surveys of customary rates; (3) the amount charged by counsel for the opposition in the particular case or similar litigation; (4) the amounts awarded counsel with similar experience in similar litigation; and (5) the amounts awarded for the services of counsel in prior litigation.

See Mitchell v. City of Philadelphia, No. 99-6306, 2010 WL 1370863, at *14 (E.D. Pa. Apr. 5, 2010) (quoting 10 James Wm. Moore et al., Moore's Federal Practice ¶ 54.190 (3d ed. 2009)).

[3]   "Block billing is a time-keeping method by which each lawyer and legal assistant enters the total time daily spent working on a case, rather than itemizing the time expended on specific tasks."  Brown v. City of Pittsburgh, No. 06-393, 2010 WL 2207935, at *8 n.12 (W.D. Pa. May 27, 2010) (quoting Welch v. Met. Life Ins. Co., 480 F.3d 942, 945 (9th Cir. 2007)).

5

III.     Duplicative Billing

Carolina identifies several instances of what it argues is duplicative billing. "A reduction for duplication is warranted only if the attorneys are unreasonably doing the same work." See id. at 1187 (internal quotations omitted). LaRocca Hornik, in response, points out that each of the allegedly duplicative entries on its time sheets are accompanied by the designation "no charge." According to LaRocca Hornik, this is simply a way to account for time spent on a matter but not charged to a client. My review of the submitted time sheets reveals no duplicative billing. Accordingly, I will overrule Carolina's objection in this respect.

IV.     Unrelated Billing

Finally, Carolina argues that it should not be responsible for the legal fees arising out of Aaron's lawsuit against Blue Marlin.[4] It correctly notes that it is presently disputed whether Blue Marlin is an alter-ego of Carolina. Because trial should resolve the issue, I will sustain the objection without prejudice to Aaron's ability to submit a post-trial application for such fees.[5]

An appropriate Order follows.

---

[4]     Carolina's case against Blue Marlin is presently in discovery.

[5]     In so doing, I offer no opinion on what relationship, if any, needs to exist between Blue Marlin and Carolina to allow Aaron to collect attorney's fees from Carolina for the time it spent on the case against Blue Marlin.